IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT JAMES BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 10-1150-SLR |
| ) | |
| PHILIP MORGAN, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 13th day of March, 2012;

IT IS ORDERED that petitioner Albert James Brown's motion for representation by counsel (D.I. 9) is **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Here, petitioner requests representation by counsel because he cannot afford counsel, he believes the issues in this case are complex, he has limited legal knowledge, and his reading ability is barely at the third grade level. However, after viewing these reasons in conjunction with petitioner's other filings in this case, the court concludes that the interests of justice do not require representation by counsel at this time. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE