IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT JAMES BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-1150-SLR |
| | ) |
| PHIL MORGAN, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Albert James Brown.  Pro se petitioner.

Elizabeth R. McFarlan.  Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

September  27 , 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Albert James Brown ("petitioner") is a Delaware inmate in custody at

the Sussex Correctional Institution in Georgetown, Delaware. Presently before the

court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

(D.I. 2; D.I. 7) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set forth by the Delaware Supreme Court in petitioner's post-conviction

appeal:

> [O]n the afternoon of March 20, 2007, Wilmington police officer Todd Riley was
> conducting surveillance using binoculars from an elevated position on Jefferson
> Street. In a half-hour period, Riley twice observed [petitioner], who carried a
> cane, cross the street, retrieve a small package from a plastic bag lying on the
> ground and return to the other side of the street, where he handed the small
> package to an unknown individual in exchange for another object. A short while
> later, Riley saw [petitioner] cross the street a third time, remove an object from
> the plastic bag and continue walking down the block. Riley called for other
> officers to apprehend Brown. Riley retrieved the larger plastic bag that
> [petitioner] had left on the street. Inside were smaller zip lock bags, which were
> described in the police report (written by a different officer) as "pink-tinted" bags.
> The contents of the bags field tested positive for crack cocaine. The responding
> officers arrested [petitioner] and found $159 in his pockets.

*Brown v. State*, 3 A.3d 1096 (Table), 2010 WL 3222418 (Del. Aug. 16, 2010).

In April 2007, petitioner was charged by indictment with one count each of

possession with the intent to deliver cocaine, distributing cocaine within 300 feet of a

park, and possession of drug paraphernalia. A Superior Court jury convicted petitioner

of possession with intent to deliver cocaine and possession of drug paraphernalia, and

acquitted him of distribution within 300 feet of a park. *See Brown v. State*, 963 A.2d 138

(Table), 2008 WL 5308097 (Del. Dec. 22, 2008). Petitioner was sentenced to a total

period of eleven years at Level V incarceration, to be suspended after serving five years in prison for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *See Brown v. State*, 963 A.2d 138 (Table), 2008 WL 5308097 (Del. Dec. 22, 2008).

In February 2009, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting, among other issues, ineffective assistance of counsel. Petitioner's trial counsel filed an affidavit in response to petitioner's allegations, and the State filed its response to petitioner's motion. The Superior Court denied petitioner's Rule 61 motion after determining that twelve claims were procedurally barred and the ineffective assistance of counsel claims lacked merit. (D.I. 19, *State v. Brown*, Crim. A. ID No. 0703022100, Mem. Op., Herlihy, J. (Del. Super. Jan. 13, 2010)). The Delaware Supreme Court affirmed that judgment. *Brown*, 2010 WL 3222418.

Petitioner timely filed a § 2254 application in this court, and then filed an amended application. (D.I. 2; D.I. 7) The State filed an answer (D.I. 17), arguing that the claims either fail to warrant relief under § 2254(d) or that they should be denied as procedurally barred.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that

2

a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a

3

petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable

4

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

5

## IV. DISCUSSION

Petitioner's application presents the following four grounds for relief: (1) defense counsel provided ineffective assistance in several respects; (2) the police officers' improper search and seizure of evidence violated his Fourth Amendment rights; (3) his due process rights were violated; and (4) there was insufficient evidence to support his convictions.

### A. Claim One: Ineffective Assistance of Counsel

Distilled to its core, claim one asserts that that defense counsel provided ineffective assistance by: (a) failing to capitalize upon perceived evidentiary inconsistencies regarding the color of the cocaine baggies and surveillance techniques as described in the police report, testimony at petitioner's preliminary hearing, and the testimony at trial; and (b) erroneously stipulating to the admission of the forensic chemist's report, which contributed to the alleged inconsistency in evidence concerning the color of the cocaine bags. Interwoven within these allegations are the following contentions: (1) defense counsel failed to consult with petitioner about the tactical decision to waive the toxicologist's appearance and, therefore, deprived him of his right to confront witnesses by stipulating to the admission of the medical examiner's report; (2) counsel committed fraud and lied during petitioner's Rule 61 proceeding by stating that he entered the stipulation to avoid the characterization of petitioner as an habitual offender and avoid the imposition of life sentence because, in petitioner's mind, counsel intentionally "conspired to introduce a fraudulent medical lab report"; and (3) counsel deprived him of his confrontation rights and the ability to prove the evidence was

6

falsified by failing to call as witnesses during his trial Detective Silvers (who wrote the police report) and Detective Pierson (who testified at the preliminary hearing).  (D.I. 7)

Petitioner presented the allegations contained in claim one to the Delaware Supreme Court on post-conviction appeal, and that court denied the claim as meritless. Therefore, petitioner will only be entitled to habeas relief if the Delaware Supreme Court's denial of claim one was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

7

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court correctly identified the *Strickland* standard applicable to petitioner's ineffective assistance of counsel claims. Thus, the Delaware Supreme Court's decision was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland* standard to the facts of petitioner's case. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel allegations through a "doubly deferential" lens.[1] *Richter*, 131 S.Ct. at 788. Notably, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal

---

[1] As explained by the *Richter* Court,

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Richter*, 131 S.Ct. at 788 (internal citations omitted).

8

habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 786.

The Delaware Supreme Court denied petitioner's ineffective assistance of counsel claim after determining that "there was neither attorney error nor prejudice to petitioner]." *Brown*, 2010 WL 3222418, at *2. The Delaware Supreme Court specifically determined that any inconsistencies or discrepancies between the reports and trial testimony were insignificant, that calling any additional witnesses would not have changed the outcome of petitioner's trial, and that the police had probable cause to arrest petitioner and search him. *Id.*

After reviewing the voluminous record in this case, the court concludes that the Delaware Supreme Court's decision was based on a reasonable application of *Strickland*. To begin, the court notes that nothing in the record supports petitioner's contention that defense counsel lied when he stated that he entered the stipulation in order to avoid the State pursuing habitual offender status and a possible life sentence for petitioner. In addition, nothing in the record even remotely indicates that counsel "conspired" to introduce fraudulent evidence. Rather, as counsel explained in his Rule 61 motion, he made a good-faith tactical decision that a stipulation regarding the forensic examiner's report would help avoid a life sentence, and that his trial strategy was to argue possession and reasonable doubt. Petitioner's redundant complaints about this decision fail to rebut the strong presumption that counsel's action was objectively reasonable.

Petitioner's allegations also fail to satisfy the prejudice prong of the *Strickland* standard. Almost all of counsel's alleged evidentiary "errors" identified by petitioner

9

stem from the fact that Detective Riley testified that the baggies containing the cocaine were pink, whereas the police report described the baggies as red. However, despite his substantial filings in this proceeding, petitioner has not provided any clear and convincing evidence to rebut the Delaware Supreme Court's factual finding that any "discrepancies [that] may have existed between the police report and the preliminary hearing testimony and between the police report and the medical examiner's report were insignificant and of no consequence." *Brown*, 2010 WL at *2. As such, petitioner cannot demonstrate a reasonable probability that the result of his proceeding would have been different but for counsel's alleged failure to highlight these inconsequential evidentiary inconsistencies or by calling additional witnesses.

Accordingly, claim one does not warrant habeas relief.

## B. Claim Two: Fourth Amendment Violation

In claim two, petitioner contends that the police violated his Fourth Amendment rights by conducting an improper search and seizure of his property. This claim is unavailing.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner has had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has

not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state from fully and fairly hearing his Fourth Amendment claims. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

In Delaware, a criminal defendant may file a pretrial motion to suppress evidence pursuant to Rule 41 of the Superior Court Rules of Criminal Procedure. *See* Del. Super. Ct. R. Crim. P. 41(f); *State v. Ashley*, 1998 WL 110140 (Del. Super. Ct. Jan. 26, 1998). Nothing in the record indicates that petitioner was prevented from litigating his Fourth Amendment claim or that he was prevented from filing a Rule 41 motion. Moreover, petitioner actually did present his Fourth Amendment claim in his Rule 61 motion and on post-conviction appeal. Accordingly, the court will deny claim two as barred by *Stone*.

## C. Claims Three and Four: Procedurally Barred

In claim three, petitioner contends that his due process rights were violated when the allegedly falsified police report was introduced as evidence and when the State failed to establish a proper chain of custody. In claim four, petitioner contends that there was insufficient evidence to support his conviction because the police report was falsified.

Although petitioner presented these two claims to the Delaware Supreme Court on post-conviction appeal, the Delaware Supreme Court denied them as procedurally barred under Rule 61(i)(3) due to petitioner's failure to raise the arguments on direct appeal. By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law grounds. This court has consistently held that Rule 61 is

11

an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the court cannot review the merits of claims three and four absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner does not allege, and the court cannot discern, any cause for his default of claims three and four. In the absence of cause, court will not address the issue of prejudice. Additionally, the court concludes that petitioner's default should not be excused under the miscarriage of justice exception to the procedural default doctrine, because petitioner has not provided new reliable evidence of his actual innocence.

Accordingly, the court will deny claims three and four as procedurally barred.

## D. Pending Motions

During the pendency of this proceeding, petitioner filed five motions to amend his arguments and/or habeas application. (D.I. 46; D.I. 49; D.I. 50; D.I. 51; D.I. 59) Recently, however, he filed a motion to withdraw those motions. (D.I. 60) The court will grant the motion to withdraw.

Petitioner also filed a motion for an evidentiary hearing "to confront and cross-examine the witnesses who were not cross-examined at [his trial]", and a motion to compel former defense counsel to turn over petitioner's case file. (D.I. 58; D.I. 62) However, given the court's conclusion that petitioner's habeas application does not warrant relief, the court will deny these two motions as moot.

12

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.

13